UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY BOSEMAN,

        Plaintiff,                    Civil No. 2:23-cv-13139
                                            Honorable Paul D. Borman

v.

FLINT POLICE DEPARTMENT, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Bobby Boseman is a federal pre-trial detainee currently confined at the Clare County Jail in Harrison, Michigan. Plaintiff filed this civil action against Defendants Flint Police Department, Sergeant Victoria Lambaria, Officer Vincent Villarreal, and Officer Albert Essix for alleged Fourth Amendment violations arising from the search of his residence in August 2021. He seeks monetary damages. As discussed below, the Complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### II.

Plaintiff has been granted *in forma pauperis* status. (ECF No. 7). Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to, *sua sponte*,

dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me

2

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.

Plaintiff's Complaint concerns a Fourth Amendment issue arising from a search and seizure relevant to his pending federal criminal proceedings. Plaintiff is currently a defendant in *United States v. Boseman*, No. 4:21-cr-20590 (E.D. Mich. filed Aug. 5, 2021), which is pending before Judge F. Kay Behm. Plaintiff was charged in a Second Superseding Indictment with two counts of sex trafficking and attempted sex trafficking as well as firearm and drug offenses. Plaintiff filed a motion to suppress in his criminal case. He alleged that on August 3, 2021, Flint Police Department Officers Essix and Villareal were dispatched to perform a wellness check based on an anonymous 911 call stating that two female victims were

being held and assaulted at Plaintiff's home. Plaintiff argued that the evidence found during the August 3rd search should be suppressed because probable cause and exigent circumstances did not exist to excuse law enforcements warrantless entry into the house. *Boseman*, No. 4:21-cr-20590, ECF No. 40, PageID.131–40. On May 9, 2023, the Court held an evidentiary hearing on the matter during which Officers Essix and Villareal provided testimony. On September 6, 2024, Judge Behm issued an opinion and order rejecting Plaintiff's arguments and denying his motion to suppress. Judge Behm concluded that, given "the totality of the circumstances and all of the information known to the officers at the time they entered Defendant's residence, their warrantless entry was valid under the emergency aid exception to the Fourth Amendment." *See Boseman*, No. 4:21-cr-20590, ECF No. 62, (E.D. Mich. Sept. 6, 2023). Plaintiff's criminal case is still pending, and his jury trial is set for April 2, 2024.

Plaintiff's present allegations in his *pro se* civil Complaint implicate the same search and seizure at issue in his criminal case. Plaintiff provides minimal detail of the search and seizure in his Complaint. He alleges that on August 3, 2021, Defendants entered his Flint residence without a warrant and searched and seized items without probable cause or consent. (ECF No. 1, PageID.5). He seeks compensatory and punitive damages for violations of his Fourth, Fifth, and

4

Fourteenth Amendment rights based on the illegal search and seizure.[1] He claims Defendants vandalized his residence and stole his personal property.

## IV.

Plaintiff is collaterally estopped from seeking relief for the search of his home because Judge Behm already decided that issue in his criminal case and found there was no constitutional violation.

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)). Application of collateral estoppel is determined with reference to four factors: (1) the precise issue has been raised and actually litigated in the prior proceedings, (2) the determination of the issue must have been necessary to the outcome of the prior proceedings, (3) the prior proceedings must have resulted in a final judgment on the merits, and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Meeks v. Larsen*, 999 F. Supp. 2d 968, 977 (E.D. Mich. 2014), aff'd, 611 F. App'x 277 (6th Cir. 2015) (citing *Cobbins v. Tenn. Dep't*

---

[1] Plaintiff fails to explain in any detail how Defendants violated his rights under the Fifth and Fourteenth Amendments, therefore, the Court will treat those claims as abandoned.

*of Transp.*, 566 F.3d 582, 590 (6th Cir. 2009)); *see also Allen v. McCurry*, 449 U.S. 90, 94–96, 103–04 (1980).

While collateral estoppel is an affirmative defense, which the Court generally does not raise *sua sponte*, in special circumstances, a court may raise the issue on its own accord. *Wylie-Brown v. O'Leary*, 2018 WL 3135942 (N.D. Ohio June 27, 2018) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *Pram Nguyen ex rel. United States v. City of Cleveland*, 2017 WL 1345293, at *4 (N.D. Ohio Apr. 12, 2017). Such a special circumstance occurs when "a court is on notice that the issue presented has been previously decided." *Pram Nguyen*, 2017 WL 1345293, at *4 (N.D. Ohio Apr. 12, 2017) (quoting *Arizona*, 530 U.S. at 412); *see also Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (Sixth Circuit affirmed district court's *sua sponte* application of *res judicata* and added that "a district court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy.").

Collateral estoppel can be applied to preclude re-litigation of a Fourth Amendment issue in a § 1983 case when that issue was decided in an earlier criminal proceeding. *See Carlton v. Pytell*, 986 F.2d 1421 (6th Cir. 1993) ("[A] claim in a section 1983 suit may be subject to the preclusive effect of collateral estoppel when a motion to suppress the evidence based on a Fourth Amendment challenge was denied in the state criminal proceeding"). In this regard, there is an exception to the

6

requirement that the two matters involve the same parties or their privies "when the first suit is a criminal matter and the second suit is a civil matter." *Buttino v. City of Hamtramck*, 87 F. App'x 499, 505, n. 4 (6th Cir. 2004).  Moreover, the Sixth Circuit has applied collateral estoppel where a plaintiff is challenging a probable cause determination from a prior proceeding, during which the plaintiff had a full and fair opportunity to contest the issue. *Prokos v. City of Athens*, 118 F. App'x 921, 923, 927 (6th Cir. 2004) ("[T]his circuit has found merit to the [probable cause] claim only where the plaintiff was unable to place on the state court record allegations about false statements or misrepresentations by law enforcement officials, or some basis to demonstrate sufficient evidence to require an evidentiary hearing on the issue of probable cause."); *see also Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987) ("[W]here the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action."), overruled on other grounds by *Frantz v. Vill. of Bradford*, 245 F.3d 869, 874 (6th Cir. 2001).

In this case, with respect to the search and seizure claim set forth in Plaintiff's Complaint, the legal requisites for collateral estoppel are satisfied.

First, the parties and the Fourth Amendment issue involved are identical, and Plaintiff actually litigated this issue in his criminal proceeding. The present case

7

challenges the reasonableness of the "August 3, 2021" search on the same grounds raised in his criminal proceeding. Judge Behm held an evidentiary hearing on this same search and subsequently ruled that no constitutional violation occurred.

Second, the legality of the search and the issues raised were clearly central to the outcome of the motion to suppress in Plaintiff's criminal case.

Third, Judge Behm's order denying the motion to suppress is a final judgment on this issue, subject only to appellate review in the context of Plaintiff's pending criminal case. *See Prokos*, 118 F. App'x at 927 (The Sixth Circuit has "held that not having the opportunity to appeal a probable cause determination is not indicative of not having a full and fair opportunity to litigate the issue."); *see also Brewer v. Hopple*, No. 1:15-CV-0942, 2015 WL 3754548, at *7 (M.D. Pa. June 16, 2015) (concluding, based on similar facts, that the motion to suppress constituted a final judgment on the merits under the doctrine of collateral estoppel).

Finally, Plaintiff has been afforded a full and fair opportunity to litigate this Fourth Amendment issue during the criminal case. Plaintiff was represented by counsel at the suppression hearing, the suppression motion was thoroughly briefed and argued, and defense counsel had the opportunity to cross-examine the witnesses.

Therefore, Plaintiff's Fourth Amendment claim is barred by the doctrine of collateral estoppel and the Complaint must be dismissed.

**V.**

For the reasons stated, the Court concludes that Plaintiff fails state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his Complaint. Accordingly, the Court **DISMISSES** Plaintiff's *pro se* civil rights Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: March 15, 2024                           s/ Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge